1  **WESTON & McELVAIN LLP**
   Randy M. McElvain (State Bar No. 137046)
2  Jeffrey D. Harada (State Bar No. 245187)
   888 West Sixth Street, 15th Floor
3  Los Angeles, California 90017
   Telephone:  (213) 596-8000
4  Facsimile:   (213) 596-8039
   Email: rmm7@wmattorneys.com
5          jharada@wmattorneys.com

6  Attorneys for Defendant and Counterclaimant,
   INTERSTATE RESTORATION
7  GROUP, INC.

8

9              **UNITED STATES DISTRICT COURT**

10            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| KNEPP KRAFT CONSTRUCTION CO., INC., a California corporation, | Case No.: SACV 08-00054 AG (MLGx) |
| Plaintiff, | JUDGE: Honorable Marc L. Goldman |
| v. | |
| INTERSTATE RESTORATION GROUP, INC., a Texas corporation; and DOES 1 through 10, inclusive, | [~~PROPOSED~~] **PROTECTIVE ORDER FOR DISCOVERY PURPOSES** |
| Defendants. | |
| INTERSTATE RESTORATION GROUP, INC., a Texas corporation, | |
| Counterclaimant, | |
| v. | |
| KNEPP KRAFT CONSTRUCTION CO., INC., a California corporation; J.KNEPPER, an individual and DOES 11 through 20, inclusive, | |
| Counterdefendants. | |

### [PROPOSED] PROTECTIVE ORDER FOR DISCOVERY PURPOSES

The parties to this action, by and through their respective counsel of record, have stipulated and agreed to the entry of a Protective Order regarding the treatment of Confidential Information produced in discovery. Based upon the stipulation of the parties, and good cause appearing therefore,

IT IS HEREBY ORDERED that

1. For purposes of this Protective Order, and subject to the parties' right to object to the designation of material as "confidential" (as set forth in paragraph 5 below), the term "Confidential Information" as used herein means and includes:

(a) non-public financial data related to sales revenue, expenses and/or profits; and

(b) other non-public commercial information concerning a party's dealings with its customers, clients and/or contractors, which a party considers and treats as proprietary, confidential and/or trade secret.

2. As used in this Protective Order the word:

(a) "Producing Party" means any party or third party that produces documents or information pursuant to discovery requests or otherwise in the course of this litigation;

(b) "Discovering Party" means the party seeking discovery.

3. Any Producing Party may designate as "CONFIDENTIAL" any material, documents, discovery responses, testimony or other information, which constitutes or contains Confidential Information, as follows:

(a) Documents containing Confidential Information, which are produced in responses to document requests or subpoenas, shall be marked by the Producing Party with the following legend:

**CONFIDENTIAL**

1    (b) The portions of written responses to interrogatories, document requests, requests for admissions or other written discovery responses, which contain Confidential Information, shall be separately identified and marked with the legend CONFIDENTIAL.  An entire written response will not be designated as CONFIDENTIAL, unless all of the information contained in the response is Confidential Information.

   (c) Any other Confidential Information provided by the Producing Party during this litigation, if in written or other tangible form, shall be marked with the legend CONFIDENTIAL.

   4.   This Protective Order permits the designation of information and documents as CONFIDENTIAL when the Producing Party entertains a good faith belief that the information or documents satisfy the definition of Confidential Information contained in Paragraph 1 above.

   5.   Any party may, at any time after production of material designated as Confidential Information, object to its designation by notifying the Producing Party in writing of that objection and specifying the designated materials to which the objection is made.  The parties shall, within ten (10) days of service of the written objections, confer concerning the objection.  If the parties do not resolve the objection, the Producing Party shall, within ten days of the conference, file and serve a motion to obtain a court determination as to whether the document or information should be subject to the Protective Order.  The Producing Party shall bear the burden of showing that the contested information and/or documents are subject to protection as confidential.  In the event a motion is timely filed pursuant to this paragraph, the Confidential Information in question shall remain subject to the Order until the Court rules on the motion.

   6.   Persons receiving Confidential Information shall use it solely for the purpose of this litigation.  Confidential Information shall not be disclosed directly or indirectly to any other person other than as provided in this Protective Order,

except by written agreement of the Producing Party. A person having custody of Confidential Information shall maintain it in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Protective Order.

7. Confidential Information may not be disclosed to any person other than:

(a) in-house and outside attorneys for the parties, and those attorneys' respective employees and clerical staff;

(b) the Court and Court personnel, as allowed or directed by the Court;

(c) copy services retained by the parties' counsel for the purposes of this litigation;

(d) any non-party expert or non-party consultant retained or employed by a party or its attorneys of record concerning the preparation, trial, and appeal including any retrials of this action. Such expert or consultant and his or her secretarial and clerical employees must complete and sign a Confidentiality Statement in the form of Exhibit A, attached ("Confidentiality Statement");

(e) certified court reporters and videographers transcribing or filming depositions or testimony involving such Confidential Information; and

(f) non-party witnesses, during their deposition, if the party seeking to show Confidential Information first instructs the witness that the Confidential Information to be shown is subject to the Protective Order.

8. Counsel for any deponent or party may designate deposition testimony or exhibits as Confidential Information by so indicating on the record at the deposition. Failure of counsel to designate testimony or exhibits as confidential at depositions, however, shall not constitute a waiver of the confidentiality of the testimony or exhibits. Upon receipt of the transcript of the deposition, counsel shall have five (5) days in which to designate in writing

1   specific pages and lines of the transcript or the exhibits as Confidential
2   Information, and shall specifically include in such designation any pages and
3   lines of the transcript, and identify any Exhibits, that were designated as
4   Confidential Information on the record at the deposition.
5       9.   When material disclosed during a deposition is designated as
6   Confidential Information at the time testimony is given, the reporter shall mark
7   the face of the transcript with "PORTIONS OF THIS TRANSCRIPT ARE
8   DESIGNATED AS CONFIDENTIAL."  Counsel shall ensure that designated
9   portions of the transcripts are redacted or removed from transcripts prior to any
10  such transcripts being provided to any person to whom disclosure of such
11  information is not permitted under the Protective Order.
12      10.  If any Confidential Information was produced prior to the entry of
13  this Protective Order or is inadvertently provided without being marked as
14  confidential in accordance with paragraph 3 of this Protective Order, the failure
15  to mark the material shall not be deemed a waiver of its confidentiality.  Until the
16  material is identified or designated as confidential by the Producing Party,
17  however, the Discovering Party shall be entitled to treat the material as non-
18  confidential.  When the material is designated as confidential, the Discovering
19  Party shall take prompt steps to ensure that it is designated confidential or
20  returned to the Producing Party for confidential designation pursuant to
21  paragraph 3.
22      11.  Except with regard to the submission of documents as evidence at
23  trial, if a party (the "Submitting Party") wishes to file any pleading,
24  memorandum of points and authorities, brief, affidavit, declaration or other paper
25  containing, appending, summarizing, excerpting or otherwise embodying
26  Confidential Information produced by another party, then the Submitting Party
27  must apply to file such documents separately under seal, if allowable, pursuant to
28  all applicable local rules, including Central District Local Rule 79-5.1.  Nothing

1  herein shall require the parties to file or submit evidence under seal at trial.  <u>The</u>
2  <u>parties will separately address with the trial judge, any requests for or issues</u>
3  <u>regarding the submission of evidence at trial under seal to the extent that such</u>
4  <u>evidence may encompass Confidential Information</u>.

5        12.    Within ten (10) days after the final settlement or termination of this
6  litigation, each party shall give the other party a copy of any confidentiality
7  statement it has obtained from any non-party expert or consultant as described in
8  paragraph 7 (d), if it has not already done so.  Within sixty (60) days after the
9  final settlement or termination of this litigation (including any appeals), the
10 receiving party shall return all originals and copies of documents containing
11 Confidential Information, except that counsel for the parties are not required to
12 either return or destroy any pleadings, motions, declarations and exhibits thereto,
13 deposition transcripts, written discovery responses, correspondence, attorney
14 work product, expert reports, or trial transcripts that may contain, summarize,
15 mention or otherwise refer to any Confidential Information.

16       13.    Insofar as this Order restricts the communication and use of
17 Confidential Information, this Order shall continue to be binding after the
18 conclusion of this litigation, except that a party may seek the written permission
19 of the Producing Party or further order of the Court with respect to dissolution or
20 modification of this Protective Order.

21       14.    This Protective Order shall be without prejudice to the right of any
22 party (a) to oppose production of any information on any ground allowed under
23 the Federal Rules of Civil Procedure, (b) to use its own Confidential Information
24 in any manner that the Producing Party desires, or (c) to seek and obtain, on an
25 appropriate showing, such additional protection with respect to Confidential
26 Information as that party may consider appropriate.

15. This Protective Order shall bind the parties and their counsel, agents, officers, directors, employees, and representatives.

**IT IS SO ORDERED.**

Dated: January 13, 2009

_____
HONORABLE MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

I, _____, declare as follows:

1. My present address is: _____.

2. My present occupation or job description is: _____.

3. My present employer is: _____.

4. I have received a copy of the Stipulated Protective Order ("Order") entered in <u>Knepp Kraft Construction Co., Inc. v. Interstate Restoration Group, Inc.</u>, Case No. SACV 08-0054 AG (MLGx) pending in the United States District Court for the Central District of California. I have carefully read and understand the provisions of the Order.

5. I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any Confidential Information that I receive in this action.

6. I submit to the jurisdiction of this Court for the purposes of enforcement of this Order.

Executed this ____ day of _____ 2009, in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                                 _____
                                                 SIGNATURE OF DECLARANT